**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2015-101

APRIL TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| Carroll Sparks, Jr. | } | |
| | } | DOCKET NO. 840-9-14 Bncr |
| | } | |
| | | Trial Judge: David A. Howard |

In the above-entitled cause, the Clerk will enter:

Defendant appeals the denial of his motion to amend a condition of his release following arraignment for domestic assault. Defendant seeks to modify the condition prohibiting him from having contact with his wife, the alleged victim of the assault. An order for conditions of release will be affirmed "if it is supported by the proceedings below." 13 V.S.A. § 7556(c). Based on my review of the record, I conclude that the condition prohibiting defendant from having contact with the victim is supported by the proceedings of the trial court.

Defendant was charged with first- and second-degree aggravated assault for allegedly causing the victim to fall from the hood of his truck and strike her head. The State alleges that defendant acted with criminal recklessness.

The trial court "may order that a defendant not harass or contact or cause to be harassed or contacted a victim or potential witness." Id. § 7554(a)(3). When imposing conditions of release, the court shall consider such factors as the "weight of the evidence against" the defendant and the defendant's "[r]ecent history of actual violence or threats of violence." Id. § 7554(b).

The trial court acknowledged that the weight of the evidence here is close and that "[t]here was certainly a fair argument about whether the eventual act that caused the actual serious injury . . . was an accident versus some criminal fault on [defendant's] part." According to the victim's testimony, the victim jumped onto the hood of the truck as defendant attempted to drive away and fell off when defendant slammed on the brakes. The court found that the State satisfied its burden under Vermont Rule of Criminal Procedure 12(d) and presented a prima facie case that defendant acted recklessly. As the court concluded:

> [T]he reckless standard, we feel is met by a combination of facts. One that it could be interpreted, again, under the 12(d) standard that [defendant] was criminally reckless in putting the vehicle into movement when she had just gotten off the truck and was coming

around the front of it and was standing by the front right corner . . . .

But the greater issue of recklessness would be that when she jumped back up on the vehicle, the description was that he braked hard. One could interpret that to mean he was braking hard to sort of avoid continuing the movement of the truck and some risks that might pose, but we also find that it could be interpreted as recklessly braking, which even under her version, caused her to be thrown from the hood of the truck and hit her head.

As for the risks posed by defendant to the victim when released, the court properly considered defendant's history of violence, specifically as it relates to the victim and the nature of their relationship. The court considered testimony as to several other assault charges against defendant, including at least one domestic assault incident, and noted that one of those charges "involved his feelings about [the victim]." The court also emphasized "the on-and-off nature of their relationship" and the "aggressive style of that relationship," and expressed concern that "it poses the risk that they could, again, have an altercation that causes, again, injury to the victim, even if done unintentionally or recklessly."

On the other hand the court did note that defendant took the victim to the hospital for treatment and that the victim testified that she did not fear defendant or "fear that he would harm her if he was released." Based on these considerations, the court imposed the "no contact" condition.

Defendant's argument that the condition impermissibly infringes on his constitutional right of free association is without merit. Conditions of release that restrict constitutional rights are permissible so long as they do not infringe on that right more than necessary. See U.S. v. Myers, 426 F.3d 117, 125-26 (2d Cir. 2005). The court found that the condition was necessary to protect the victim, and it imposed that condition in the least restrictive manner possible, allowing for electronic communication between defendant and the victim.

I therefore conclude that the court properly considered the factors under 13 V.S.A. § 7554(b) and that its decision to prohibit defendant from having contact with the victim is supported by the proceedings.

Affirmed.

FOR THE COURT:

_____
John A. Dooley, Associate Justice

2